IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRACE M. LAWRENCE, on behalf of herself and all others similarly situated,** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | |
| **STERLING CREDIT CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT – CLASS ACTION
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.      This is a consumer class action for damages brought on behalf of consumers in the Commonwealth of Pennsylvania and throughout the United States. The Defendant has created a system ("Pay by Phone System") for the payment of alleged consumer debts. Through the Pay by Phone System, Defendant collects moneys directly from consumer bank accounts via the use of bank drafts that Defendant initiates and obtains from the consumers' banks in an automated fashion. Defendant represents that the Pay by Phone System will save consumers money, specifically stating that it will save consumers the cost of postage and envelopes, and encourages consumers to enlist into the Pay by Phone System and to "start saving today." However, Defendant fails to disclose to consumers that, through the Pay by Phone System, they will incur an additional fee per transaction, far greater than the price of postage or an envelope. The additional fee is collected by and goes directly to Defendant. The Pay by Phone System violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq*. ("FCEUA").

These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.      Plaintiff Grace M. Lawrence is an adult individual residing in Warrington, Pennsylvania.

5.      Defendant Sterling Credit Corporation is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 716 N. Bethlehem Pike, Suite 301, Ambler, PA 19002. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired by UFCW Federal Credit Union to collect a debt relating to an automobile loan that was allegedly originally owed to UFCW Federal Credit Union ("debt").

7.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.      At all times pertinent, Plaintiff was a co-signor on the underlying debt for her nephew, David F. Benning. Mr. Benning appears to have stopped making payments on the loan,

2

leading to the repossession of the automobile.

9.      On or about December 16, 2008, Defendant contacted Plaintiff in an attempt to coerce payment of the debt in the amount of approximately $1,312.50.  During the telephone conversation, Plaintiff disputed the amount of the debt.     As a result of their conversation, Plaintiff and Defendant agreed to settle the debt for $984.37 through the use of the Pay by Phone System. Per the terms of the agreement, Defendant, through the use of bank drafts that it would initiate and obtain from Plaintiff's bank, was supposed to be paid $600.00 on December 17, 2008, and the remaining balance of $384.37 on January 30, 2009.  Additionally, Defendant agreed to remove any and all derogatory credit reporting references to the debt.    (The aforementioned is hereafter referred to as the "Agreement.")  Defendant did not disclose or identify any other fees as part of the Agreement or otherwise.

10.     Notwithstanding the Agreement, on or about December 17, 2008, Defendant initiated and obtained a bank draft for $605.00 from Plaintiff's bank account and deposited the same into its own bank account.  This amount represented $5.00 over the first payment amount of the Agreement.

11.     On or about December 16, 2008, Defendant wrote and mailed to Plaintiff and Mr. Benning, at Plaintiff's address, a collection or "dunning" letter ("Letter"), which attempted to coerce Plaintiff into paying the debt.  Plaintiff received the Letter following the Agreement.  The Letter, *inter alia*, instructed Plaintiff to "PLEASE SEND THE TOTAL OUTSTANDING BALANCE DUE OR CALL THIS OFFICE WITHIN FIVE (5) DAYS TO DISCUSS A RESOLUTION TO THIS MATTER."  The Letter, *inter alia,* identified the total amount of the debt as $1,312.50.  Additionally, the Letter, *inter alia*, included the following information

3

regarding Pay by Phone System:

```
********SAVE $$$$$$*********PAY BY PHONE SYSTEM*******
 *NO NEED TO WRITE CHECKS      *NO NEED FOR STAMPS OR ENVELOPES
              * NO MORE HASSLES, WE DO ALL THE WORK
THE PAY-BY-PHONE IS A BANK DRAFT ON YOUR CHECKING ACCOUNT THAT WILL BE DEPOSITED
        ON THE DAY YOU CHOOSE FOR THE AMOUNT WE BOTH AGREE UPON.
          ***START SAVING TODAY, CALL NOW 1-800-352-3568***
```

(The above quoted portion of the Letter shall hereafter be referred to as the "Pay by Phone Clause." A true and correct copy of the Letter is attached hereto as Exhibit "A" and is incorporated herein).

    12.    At all pertinent times hereto, the Letter was the initial written communication to Plaintiff by Defendant. Additionally, the Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

    13.    On or about December 29, 2009, Plaintiff wrote and sent to the Defendant by U.S. mail a letter ("Dispute Letter") which, *inter alia*, disputed the debt. The Dispute Letter, *inter alia*, memorialized the Agreement including the terms to pay less than the total balance; the exact amount to be paid, as well as the date and amounts of the two payments; requested written confirmation of the Agreement; requested proof of the outstanding amount owed for the debt; and disputed the total amount alleged to be owed in the Letter. (A true and correct copy of Dispute Letter is attached hereto as Exhibit B and is incorporated herein.)

    14.    Notwithstanding the Agreement, on or about January 30, 2009, Defendant obtained from Plaintiff's bank, and deposited in its own bank, a bank draft in the amount of $389.37. This amount represented $5.00 over the agreed upon amount in the Agreement.

4

Following said deposit, Defendant had charged Plaintiff $10.00 more than what was provided for in the Agreement.

15.     To date, Defendant has not provided Plaintiff with any verification of the debt in any amount.   Moreover, Defendant failed to remove any derogatory references relating to the debt from Plaintiff's credit report, pursuant to the Agreement.

16.     Defendant charges an undisclosed fee for each transaction made by its Pay by Phone System.

17.     Defendant intentionally conceals from consumers that it charges a fee for the Pay by Phone System.   In fact, Defendant misrepresents that consumers will pay no additional monies, over the amount agreed upon.   By way of example, the Letter indicates the consumer need not use stamps and can "start saving" immediately by participating in the Pay by Phone System.   In truth, by using Pay by Phone System, consumers incur more costs and expenses than they would had they prepared a check on their own and sent it to Defendant by U.S. mail.

18.     The Defendant acted in a false deceptive and unfair manner by failing to disclose any additional fee associated with the Pay by Phone System and by, in fact, charging and collecting a hidden fee per transaction for its Pay by Phone System.   No additional fee is either permitted by law or expressly authorized by an agreement creating the debt.

19.     Defendant knew or should have known that its actions violated the FDCPA and the FCEUA.   Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the FCEUA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

        (i)      All persons in the United States of America to whom, for a period of one year from the filing of this Complaint and continuing through the resolution of this action, Defendant sent a written communication, in an attempt to collect a non-business debt, which included the Pay by Phone Clause or verbiage substantially in the form of the Pay by Phone Clause;

        (ii)     All persons in the United States of America who, for a period of one year from the filing of this Complaint and continuing through the resolution of

6

this action, paid any fee to Defendant that was associated with or consequential to the use of the Pay by Phone System;

(iii)    All persons in the Commonwealth of Pennsylvania to whom, for a period of two years from the filing of this Complaint and continuing through the resolution of this action, Defendant sent a written communication, in an attempt to collect a non-business debt, which included the Pay by Phone Clause or verbiage substantially in the form of the Pay by Phone Clause; and

(iv)    All persons in the Commonwealth of Pennsylvania who, for a period of two years from the filing of this Complaint and continuing through the resolution of this action, paid any fee to Defendant that was associated with or consequential to the use of the Pay by Phone System.

24.    The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, Defendant encourages the Pay by Phone System in thousands of letters to consumers throughout the Nation. Although the precise number of Class members is known only to the Defendant, Defendants regularly collect or attempt to collect consumer debt throughout both the Commonwealth of Pennsylvania as well as throughout the Nation. Because the Pay by Phone Clause included in the Letter is a standard form sent to thousands of consumers, numerosity may be presumed.

25.    There are questions of law and fact common to the Classes which predominate over any questions affecting only individual Class members. The principal questions are whether Defendant violated the FDCPA or the FCEUA by mailing the Letter or written communications

7

substantially in the form of the Pay by Phone Clause to the consumers or charging a hidden fee through its Pay by Phone Systems during the applicable time periods.

26.     Plaintiff's claim is typical of the claims for each of the Classes, which all arise from the same operative facts and are based on the same legal theories.

27.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

28.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

29.     Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as wholes.

30.     Whether a Class member was sent a letter with the Pay by Phone Clause or charged a fee for the Pay by Phone System can be determined through a ministerial inspection of Defendant's records.

8

31. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages are minimal. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## VI. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35. The above contacts between Defendant and Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36. Defendant violated the FDCPA as to Plaintiff and as to the Classes defined in Paragraph 23, sections (i) and (ii) of this Complaint. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692f(1) as evidenced by the following conduct:

> (a) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law; and
>
> (b) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

9

37.     Defendant additionally violated the FDCPA as to the Plaintiff individually. In addition to the violations set forth above, Defendant violated sections 1692d, 1692e, 1692e(2)(A), 1692e(8) and 1692g of the FDCPA, as evidenced by (1) Defendant's misrepresentation as to the value/amount of the debt; (2) Defendant's continued reporting of the account on Plaintiff's credit reports in violation of the Agreement; (3) Defendant's failure to send Plaintiff all of the required information pursuant to section 1692g(a) of the FDCPA; (4) contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a) of the FDCPA by extraneous language contained in the aforementioned the Letter; and (5) failing to provide verification information of the debt when asked to do so.

38.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for the rights of the Plaintiff and Classes under the law.

39.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff and the Classes in the sum of statutory damages and/or actual damages and attorneys' fees and costs.

## VII. <u>SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA</u>

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

42.     Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

43.    The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

44.    A violation of the FCEUA entitles a consumer, *inter alia*, to the relief available under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*.

45.    Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, by attempting to collect the alleged debt in violation of the FCEUA. Defendant violated the FCEUA as to the Plaintiff and as to the Classes defined in Paragraph 23, sections (iii) and (iv) of this Complaint. Defendant's violations include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

       (a)    The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law; and

       (b)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

46.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for the rights of the Plaintiff and Classes under the law and with the purpose of coercing to pay the alleged debt through Pay by Phone System by the Plaintiff and the Classes, as well collecting a hidden fee for the same.

47.    As a result of the above violations of the FCEUA, Defendant is liable to Plaintiff and the Classes in the sum of statutory damages, actual damages and attorneys' fees and costs.

## VIII.  JURY TRIAL DEMAND

48.     Plaintiff demands trial by jury on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the

        Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to

        represent the Class;

(b)     That an order be entered declaring that Defendant's actions as described above are

        in violation of the FCEUA;

(c)     That an order be entered enjoining Defendant from charging a fee, without

        consumer consent, for the use of its Pay by Phone System;

(d)     That judgment be entered against Defendant for actual damages, pursuant to

        15 U.S.C. § 1692k(a)(1), 73 P.S. § 2270.5, and 73 P.S. § 201-9.2(a) on behalf of

        those classes as defined by Paragraph 23, sections (i) and (iii) of this Complaint;

(e)     That judgment be entered against Defendant for statutory damages pursuant to 15

        U.S.C. § 1692k(a)(2)(B) and 73 P.S. § 201-9.2(a) on behalf of those classes as

        defined by Paragraph 23, sections (ii) and (iv) of this Complaint;

(f)     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C.

        § 1692k(a)(3) and 73 P.S. § 201-9.2(a); and

(g)     That the Court grant such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: */s/ JOHN SOUMILAS*
    JAMES A. FRANCIS
    JOHN SOUMILAS
    MICHAEL J. SZYMBORSKI
    Attorneys for Plaintiff
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600

DATE:  December 15, 2009

# EXHIBIT A

STERLING CREDIT CORPORATION
PO BOX 675
SPRING HOUSE, PA 19477
800-352-3568

December 16, 2008

DAVID F BENNING
GRACE M LAWRENCE
484 REDBUD CT
WARRINGTON, PA 18976


RE:         CREDITOR:   UFCW FEDERAL CREDIT UNION
             OUTSTANDING BALANCE:   $1,312.50
             ACCOUNT NUMBER:     46022

DEAR DAVID F BENNING:

OUR CLIENT REQUIRES THIS OFFICE TO MAKE A FORMAL RECOMMENDATION IN REGARD TO YOUR DEBT NOTED ABOVE. PLEASE SEND THE TOTAL OUTSTANDING BALANCE DUE OR CALL THIS OFFICE WITHIN FIVE (5) DAYS TO DISCUSS A RESOLUTION TO THIS MATTER. IF WE HAVE NO RESPONSE FROM YOU, WE WILL ASSUME THIS TO BE A WILLFUL AND DELIBERATE EVASION.

WE WOULD LIKE TO ASSIST YOU IN WORKING THIS SITUATION OUT. IF YOU ACT NOW, YOU CAN EXPECT OUR FULL COOPERATION.

SINCERELY,


TINA JOHNSON
DEBT COLLECTOR


THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

******** SAVE $$$$$$ ********* PAY BY PHONE*******

*NO NEED TO WRITE CHECKS     *NO NEED FOR STAMPS OR ENVELOPES
*NO MORE HASSLES, WE DO ALL THE WORK

THE PAY-BY-PHONE PROGRAM IS A BANK DRAFT ON YOUR CHECKING ACCOUNT THAT WILL BE DEPOSITED ON THE DAY YOU CHOOSE FOR THE AMOUNT WE BOTH AGREE UPON.

***START SAVING TODAY, CALL NOW AT 1-800-352-3568***

# EXHIBIT B

484 Redbud Ct. Warrington, PA 18976
December 28, 2008
In regards to: Account number 46022

Sterling Credit Corp.
PO Box 675   Spring House, PA 19477

Dear Tina Johnson;

In regards to the above account number and the letter I received concerning the account balance. We agreed on a balance due of $984.37. The letter I received states $1,312.50. I will appreciate a letter confirming our verbal agreement. Also I am told that I am entitled to a verification of the selling price of the truck that was repossessed. I want verification that the negative credit information will be expunged from Grace M. Lawrence and David F. Benning's credit bureau information. On December 17, 2008 I paid Sterling Credit Corp. $600.00, the balance $384.37 is to be paid January 30, 2009 as per our agreement. Thanking you in advance, I remain.

Sincerely,
Grace M. Lawrence

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Spring Credit Chap

2. Article Number
(Transfer from service label)

7007 2560 0002 6805 420b

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                                    ☐ Agent
                                                     ☐ Addressee

B. Received by ( Printed Name )          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7007 2560 0002 6805 420b

| | | |
|---|---|---|
| Postage | $ | $0.42 | 0073 |
| Certified Fee | | $2.70 | 07 |
| Return Receipt Fee (Endorsement Required) | | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.32 | 12/29/2008 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

---

YORK ROAD STATION
WARMINSTER, Pennsylvania
189749997
4144060073 -0098
(800)275-8777     01:06:55 PM

12/29/2008

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| SPRING HOUSE PA 19477 | | | |
| Zone-1 First-Class | | | |
| Letter | | | |
| 0.40 oz. | | | $0.42 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: | | | |
| 70072560000268054206 | | | |

Issue PVI:                              $5.32